UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE WADE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|   v. | ) Civ. No. 01-0334 (TFH) |
| | ) Civ. No. 01-2385 (TFH) |
| WASHINGTON METROPOLITAN AREA | ) |
| TRANSIT AUTHORITY, <u>et al.</u>, | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM OPINION

Pending before the Court are Plaintiff's and Defendants' respective motions *in limine* and Defendant WMATA's motion for leave to present Rule 412 evidence. Having carefully considered the parties' submissions, oral arguments, and the entire record herein, the Court will grant the motions in part and deny the motions in part.

**I. Plaintiff's Motion *in Limine* and Defendant WMATA's Motion for Leave to Present Evidence Under Rule 412 of the Federal Rules of Evidence**

A.    <u>Testimony of Plaintiff's Alleged Sexual Behavior and/or Predisposition</u>

Testimony regarding Plaintiff's alleged sexual behavior may be admissible at trial on the issues of unwelcomeness, damages, and credibility. Such admissibility depends upon the testimony and evidence presented at trial. Whether the conduct Plaintiff complains of in her lawsuit was unwelcome is a material issue in this case. See Meritor Savings Bank v. Vinson, 477 U.S. 57, 68 (1986) (quoting 29 C.F.R. § 1604.11(a)) ("The gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome'"). Plaintiff's alleged sexual conduct is also probative of the damages Plaintiff claims, as well as her credibility (if she testifies at trial that she never engaged in any of the alleged conduct). Accordingly, the evidence regarding

Plaintiff's sexual behavior is admissible if its probative value substantially outweighs the danger of harm or prejudice to Plaintiff. See Fed. R. Evid. 412(b)(2). As the Supreme Court stated in Vinson, the trier of fact in a hostile work environment case "must determine the existence of sexual harassment in light of 'the record as a whole' and 'the totality of the circumstances, such as the nature of the sexual advances and the context in which the alleged incidents occurred.'" Vinson, 477 U.S. at 69 (quoting 29 C.F.R. § 1604.11(b)). Clearly, the admission of this type of evidence would be damaging to Plaintiff. The fact that the conduct ascribed to Plaintiff, however, is similar in nature to the offensive conduct she alleges makes the contested testimony especially probative. The Court finds that the probative value of the challenged testimony substantially outweighs the risk of harm or unfair prejudice to Plaintiff.

 Even though the challenged testimony passes the test of admissibility set forth in Rule 412, some may be excluded or limited, depending upon the evidence and testimony presented at trial. First, testimony or evidence regarding Plaintiff's alleged sexual behavior or predisposition of which the alleged perpetrators of the harassment in this case were unaware, shall *not* be admitted at trial. Testimony or evidence about any such conduct would have little, if any, probative value. Accordingly, such evidence is inadmissible. See Fed. R. Evid. 412(b)(2). Along those same lines, evidence regarding any activity outside of the workplace shall be barred, unless the alleged perpetrators of the harassment were present or involved. See Burns v. McGregor Electronic Indus., Inc., 989 F.2d 959, 963 (8th Cir. 1993) (holding plaintiff's "private life, regardless how reprehensible the trier of fact might find it to be, did not provide lawful acquiescence to unwanted sexual advances at her work place by her employer"). Finally, it should be noted that the defense theory thus far has been fabrication. WMATA denies that the

incidents Plaintiff alleges ever actually occurred. If the defense chooses to pursue this theory at trial, the issue of unwelcomeness would drop out of the picture, eviscerating the probative value of the contested evidence on that issue. The evidence may still be allowed on the issues of credibility and/or damages, subject to a limiting instruction.

B.   Testimony of an Alleged Relationship with Michael Austin

Testimony of an alleged relationship between Plaintiff and Michael Austin shall be allowed at trial. The Court finds that such evidence is admissible under Rule 412, as its probative value on the issues of unwelcomeness, damages, and credibility substantially outweighs the danger of harm or unfair prejudice its admission would pose to Plaintiff. See Fed. R. Evid. 412(b)(2). Again, if at trial Defendant pursues its theory of fabrication with regard to the incidents alleged of Michael Austin, this evidence will not be admitted on the issue of unwelcomeness. The testimony may still be allowed on the issues of credibility and damages, subject to a limiting instruction.

C.   Testimony or Evidence Regarding Plaintiff's Divorce

As Defendant has represented that it does not intend to present evidence regarding Plaintiff's divorce in order to prove promiscuity on her part, Plaintiff has withdrawn her objection to this evidence.

## II.  Defendant WMATA and Littlefield's Motion *in Limine*

A.   Testimony of Other Allegations of Discrimination

Plaintiff intends to elicit testimony from nine other women who claim to have suffered discrimination and harassment at the hands of WMATA and its employees. It is undisputed that that of these nine women, four never filed discrimination complaints against WMATA.

WMATA claims that the remaining five filed complaints about discrimination by different officials to different supervisors than those involved in the present action.  Def.'s Mot. *in Limine* at 3-4.  Plaintiff, on the other hand, claims that of the five who did file complaints, three complained about the same officials.  Pl.'s Opp'n to Def.'s Mot. *in Limine* at 2.

     1.     *Witnesses who Filed Formal Complaints*

Evidence of prior acts of discrimination are relevant and may be admitted to prove the defendant's motive or intent.  See Hairston v. WMATA, No. Civ. 93-2127, 1997 WL 411946, at **5-6 (D.D.C. April 10, 1997) (citing Morris v. WMATA, 702 F.2d 1037 (D.C. Cir. 1983); Miller v. Poretsky, 595 F.2d 780 (D.C. Cir. 1978)).  Such evidence is admissible as long as it survives the Rule 403 balancing test.  Id. at *6.  In other words, it must be shown that the probative value of the testimony from third-party witnesses is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Because of "the difficulties in proving discriminatory intent," the probative value of testimony from third-party witnesses in employment discrimination cases is high.  See Webb v. Hyman, 861 F. Supp. 1094, 1112 (D.D.C. 1994).  The probative value is only heightened, however, if the discrimination is "of the same character and type as that... alleged."  White v. United States Catholic Conference, No. Civ. 97-1253, 1998 WL 429842, at *5 (D.D.C. May 22, 1998) (Facciola, Mag. J.).  Here, like Plaintiff, the challenged witnesses filed complaints of gender discrimination against WMATA.  The fact that some of the complaints may have involved supervisors other than those involved in the instant case does not deprive such evidence

of its probative value.  At issue is whether WMATA failed to take action to investigate or rectify the treatment Plaintiff was allegedly receiving at the hands of her male co-workers, to properly train and supervise its supervisors, and to address a "pattern and practice" of sexual harassment and discrimination in the workplace.  In other words, the focus is on the policies and practices of WMATA, not of individual supervisors.  The testimony of other women who contend that WMATA's policies were ineffective or failed to work for them is indisputably probative in this case.  Plaintiff may call these witnesses at trial.

      2.    *Witnesses Who Did Not File Formal Complaints*

Weighing the probative value against the risk of unfair prejudice comes out the other way for the witnesses Plaintiff proposes who did not file formal complaints against WMATA.  Because no complaint was filed, WMATA would likely have had no notice of the alleged incidents.  As a result, those witnesses seem unable to shed light on WMATA's policy or practices regarding sexual harassment.  Testimony regarding other allegations of discrimination at WMATA by witnesses who did not file formal complaints shall be inadmissible at trial unless: (1) the witness alleges discriminatory or harassing treatment by any or all of the alleged perpetrators in the instant case, or (2) the witness intends to testify that WMATA's policy regarding sexual harassment was so deficient that she didn't feel comfortable filing a complaint, or didn't think that it would be of any benefit to do so.

B.    <u>Evidence of Actions by Michael Austin</u>

WMATA urges the Court to exclude testimony about any actions allegedly committed by Michael Austin.  Def.'s Mot. *in Limine* at 4.  On June 27, 2005, this Court dismissed Count IV of the Third Amended Complaint against Austin because it omitted all allegations of time and

place, and thus gave Austin insufficient notice of the claim against him.  Wade v. WMATA, Civ. No. 01-0334, 2005 WL 1513137, at *2 (D.D.C. June 27, 2005).  In WMATA's view, "if the pleading failed to provide him notice, it failed to provide WMATA notice," and WMATA therefore cannot put forth a proper defense to these allegations.  Def.'s Mot. *in Limine* at 5-6.  The Federal Rules of Evidence do not allow for the suppression of relevant evidence simply because a party is unprepared for the admission of that evidence at trial.

Moreover, WMATA appears to misconstrue the Court's action in dismissing the count against Austin.  In doing so, this Court wrote: "Count IV of Plaintiff's complaint is . . . insufficient, as it does not give Austin fair notice of the claim *against him*.  The complaint deprives Austin of information needed to prepare his defense."  Wade, 2005 WL 1513137, at *2 (emphasis added).  The Court held only that those allegations made against Austin in Count IV of the complaint were insufficient.  Id.  The counts against WMATA, constituting entirely different claims, do not require that Plaintiff allege the time and place of Austin's acts, only that she give WMATA fair notice of her claims against *it* by alleging the time and place of *its* acts, as alleged in those counts.  The claims arise out of two different courses of conduct: Austin's alleged conduct in exposing himself to Plaintiff, and WMATA's alleged conduct in failing to address Plaintiff's complaints stemming from this and similar incidents.  Failure to plead the time and place of *Austin's* conduct does not constitute a failure to plead the time and place of *WMATA's* conduct.  Consistent with this understanding, implicit in this Court's earlier opinion dismissing Count IV of the Complaint is the assumption that even though Plaintiff would be unable to proceed against Austin, she could still use his acts as a basis for her claims against WMATA.  See id. at *3 (holding that Plaintiff's allegations of various workplace incidents, including

Austin's exposures, were sufficient to establish a prima facie claim hostile work environment discrimination against WMATA). Defendant's motion is denied on this issue. Evidence of Michael Austin's actions shall be admissible at trial.

C.      Equal Employment Opportunity Commission ("EEOC") Decisions

WMATA seeks to exclude the EEOC decisions issued in this case, arguing that they are inadmissible under Federal Rules of Evidence 803(8)(C) and 403 because (1) the determinations lack the necessary trustworthiness, and (2) the potential for unfair prejudice outweighs the probative value of the evidence. The Supreme Court has explained that "[p]rior administrative findings made with respect to an employment discrimination claim," e.g., EEOC determinations, are admissible under Federal Rule of Evidence 803(8)(C). Chandler v. Roudebush, 425 U.S. 840, 863 n.39 (1976); see also Williams v. Bell, 587 F.2d 1240, 1248 (D.C. Cir. 1978) (citations omitted) ("[U]nwarranted duplication of the administrative proceedings may be avoided simply by admission of the administrative records at the trial."). Rule 803(8)(C) provides that "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . factual findings resulting from an investigation made pursuant to authority granted by law" are admissible despite their hearsay status "unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(C). Assuming that the documents are trustworthy, the Court must also determine that the EEOC determinations clear the Rule 403 hurdle, i.e., that their probative value outweighs any danger of undue prejudice. See generally Young v. James Green Mgmt., Inc., 327 F.3d 616, 624 (7th Cir. 2003); Coleman v. Home Depot, Inc., 306 F.3d 1333, 1341-45 (3d Cir. 2002); Paolitto v. John Brown E. & C., Inc., 151 F.3d 60, 64 (2d Cir. 1998).

Courts have employed a variety of factors to determine whether EEOC determinations should be excluded under Rule 403. See Coleman, 306 F.3d at 1345 (EEOC report properly excluded where it "was more conclusory than factual in nature"); Barfield v. Orange County, 911 F.2d 644, 650 (11th Cir. 1990) ("In deciding whether and what parts of EEOC determinations and reports should be admitted, the district court may be guided by such considerations as whether the report contains legal conclusions in addition to its factual content..."); Paolitto, 151 F.3d at 65 (exclusion of agency determination appropriate where, among other things, proponent had the opportunity to present to the jury all evidence submitted to agency); Young, 327 F.3d at 624 (same); Johnson v. Yellow Freight System, Inc., 734 F.2d 1304, 1309 (8th Cir. 1984) (EEOC report had low probative value where "substantial evidence was presented to the jury on all matters summarized in the report").

The Court finds that the EEOC determinations do not survive the Rule 403 balancing test in this case. Here, the danger of unfair prejudice outweighs the decisions' probative value because the factual findings in the decisions are overshadowed by the legal conclusions drawn, and because the facts in the report add little to the evidence that will otherwise be presented to the jury at trial. Accordingly, Defendant's motion is granted with respect to this issue. The EEOC determinations shall not be admitted at trial.

D.   WMATA's Internal Findings

WMATA next seeks to exclude its own internal investigatory findings with regard to Plaintiff's allegations of sexual harassment. WMATA contends that "[t]hese findings are protected by the deliberative process and self-evaluative privileges and should be excluded from evidence." Def.'s Mot. *in Limine* at 7. The deliberative process privilege "covers documents

reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." Dept. of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (internal quotation marks omitted). Where, as here, a plaintiff's cause of action turns on the government's intent, the privilege is not properly asserted. See In re Subpoena Duces Tecum Served on the OCC, 145 F.3d 1422, 1424 (D.C. Cir. 1998).

Further, the deliberative process privilege only protects government documents that are "*both* 'pre-decisional' *and* 'deliberative.'" Broderick v. Shad, 117 F.R.D. 306, 310 (D.D.C. 1987) (quoting Coastal States Gas Corp. V. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980)) (emphasis added). As Plaintiff correctly points out, here the documents were not prepared to aid a decision, but instead express WMATA's final decision on its investigation. Indeed, the document claims that WMATA has "completed its investigation" and purports to be "final." The deliberative process privilege is not properly asserted here.

WMATA also urges the Court to exclude the documents because they are protected by the self-evaluative privilege. The self-evaluative privilege is rarely recognized. FTC v. TRW, Inc., 628 F.2d 207, 210 (D.C. Cir. 1980) ("[C]ourts have appeared reluctant to enforce even a qualified 'self-evaluative' privilege). The purpose of the privilege is to encourage "confidential self-analysis and self-criticism." First Eastern Corp. v. Mainwaring, 21 F.3d 465, 467 (D.C. Cir. 1994). In Mainwaring, the D.C. Circuit made clear that the self-evaluative privilege is only to be applied in an extremely limited set of circumstances, and that the court would be reluctant to expand it beyond cases involving public health or safety. Id. at 467 n.1. Neither is the case here. WMATA's internal investigatory findings are not protected by the self-evaluative privilege.

9

Finally, the documents are admissible under Rule 403, as they go to the heart of Plaintiff's lawsuit. WMATA's motion is denied on this issue.

E.     Evidence of Front or Back Pay

WMATA seeks to preclude testimony by Plaintiff's economist and vocational rehabilitation expert on the issues of front or back pay, arguing that because those remedies are equitable,[1] the jury may not award them, and any evidence of them would only serve to distract and prejudice the jury. Because front and back pay is a bench issue, Plaintiff's experts will be precluded from testifying on that issue. Plaintiff's economist and vocational rehabilitation expert may still testify at trial regarding Plaintiff's compensatory damages claims. The Court will hear the evidence of front and back pay at a later hearing on equitable relief, should a verdict be returned in Plaintiff's favor.

F.     Evidence of Nude Photographs

WMATA asks the Court to exclude at trial alleged statements by Michael Austin that he possessed nude photographs of Plaintiff, arguing that the statements are hearsay and unfairly prejudicial. The Court finds that the statements are not hearsay, as they are not being offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c). The statements are not offered to prove that in fact Austin did possess such photographs. Rather, the statements are being offered to demonstrate the listener's state of mind, and to provide background information. The statements are being offered to show that Austin *claimed* to have photographs of Plaintiff, contributing to the creation of a hostile work environment, which WMATA did not remedy even

---

[1] See Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 572 (1990) (citing 42 U.S.C. § 2000e-5(g)) ("Congress specifically characterized backpay under Title VII as a form of 'equitable relief.'").

after Plaintiff's complaints.  Accordingly, the statement is admissible at trial as it is non-hearsay, and the danger of unfair prejudice it poses does not outweigh its probative value.  WMATA's motion is denied as to this issue.

G.      WMATA's Revenue Statements

Finally, WMATA seeks to exclude its revenue statements from evidence at trial.  Plaintiff has withdrawn her request to use these statements, but reserves the right to use this information for impeachment purposes.  This issue is therefore no longer in dispute.

### III.  Conclusion

For the aforementioned reasons, the Court will grant in part and deny in part Plaintiff's Motion *in Limine*, grant in part and deny in part Defendant's Motion *in Limine*, and grant in part and deny in part Defendant's Motion for Leave to Present Rule 412 Evidence.  An appropriate Order will accompany this Memorandum Opinion.

April 5, 2006                                                                /s/
                                                                    Thomas F. Hogan
                                                                    Chief Judge